❧PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT

for

## District of the Northern Mariana Islands

FILED
Clerk
District Court

MAR 1 4 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Eric J.M. Hofschneider**            Case Number: **CR 01-00024-001**

Name of Sentencing Judicial Officer:   Alex R. Munson

Date of Original Sentence:   March 12, 2002

Original Offense:   Failure to Declare a Firearm, in violation of 18 U.S.C. § 922(e

Original Sentence:   Three months imprisonment followed by three years of supervised release with conditions to include that he submit to one urinalysis within 15 days of release and two more thereafter, participate in a substance abuse treatment program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse, refrain from the use of any and all alcoholic beverages; obtain and maintain gainful employment; perform 300 hours of community service; and pay a $100 special assessment fee. Supervised release conditions were **modified** on June 23, 2004 to include an additional 150 hours of community service. A violation report was filed on August 19, 2004. Supervised release conditions were **modified** on August 26, 2004 to include another 300 hours of community service. On July 1, 2005, supervised release was **revoked** and a term of four months imprisonment was imposed followed by 32 months of supervised release with all conditions previously imposed. Supervised release conditions were modified on November 25, 2005 to include a sanction of an additional 100 hours of community service.

Type of Supervision: Supervised Release          Date Supervision Commenced: October 28, 2005
Assistant U.S. Attorney: Timothy E. Moran         Defense Attorney: Danilo Aguilar

### PETITIONING THE COURT

☐ To issue a warrant

☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| (1) Special Condition #6 | Failure to refrain the use of any and all alcoholic beverages |

U.S. Probation Officer Recommendation:

[✓] The term of supervision should be

    [✓] revoked.

    [ ] extended _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition*

Reviewed by:

Rossanna Villagomez-Aguon
U.S. Probation Officer
Supervision Unit Leader
Date: 3/9/06

Reviewed by:

Timothy Moran
Assistant U.S. Attorney
Date: 3/10/06

I declare under penalty of perjury that the foregoing is true and correct.

Margarita DLG. Wonenberg
U.S. Probation Officer
Executed on: 3-9-06

---

**THE COURT ORDERS:**

[ ] No action.
[ ] The issuance of a warrant.
[X] The issuance of a summons. for 3-20-06 at 9:00 a.m.
[ ] Other

_____
Signature of Judicial Officer

3-14-06
Date

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| United States of America </br> Plaintiff, </br> </br> vs. </br> </br> ERIC J.M. HOFSCHNEIDER </br> Defendant. | ) USDC Cr. Cs. No. 01-00024-001 </br> ) </br> ) </br> ) DECLARATION IN SUPPORT OF PETITION </br> ) </br> ) </br> ) </br> ) </br> ) |

I, U.S. Probation Officer Margarita DLG Wonenberg, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Eric J.M. Hofschneider, and in that capacity declare as follows:

On March 12, 2002, Eric J.M. Hofschneider was sentenced to three months imprisonment for Failure to Declare a Firearm, in violation of Title 18 U.S.C. § 922(e). Following release from imprisonment, he was ordered to serve three years supervised release with conditions to include: obey all federal, state, and local laws; not possess a firearm or other dangerous weapon; not use or possess illegal controlled substances and submit to one urinalysis within 15 days after release from imprisonment and two more urinalysis thereafter; participate in a substance abuse treatment program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance abuse or abuse, and make co-payment for treatment at a rate to be determined by the U.S. Probation Office; refrain from the use of any and all alcoholic beverages; obtain and maintain gainful employment; perform 300 hours of community service. On June 23, 2004, supervised release conditions were modified to include: an additional 150 hours of community service as a sanction for noncompliance. On August 26, 2004, supervised release conditions were again modified to include an additional 300 hours of community service as a sanction for noncompliance. On July 1, 2005, supervised release conditions were revoked and Mr. Hofschneider was sentenced to four months imprisonment followed by 32 months supervised release with all conditions previously imposed. On November 25, 2005, supervised release conditions were modified to include an additional 100 hours of community service under the direction of the United States Probation Office. Supervised release commenced on October 28, 2005. Mr. Hofschneider is alleged to have violated the following conditions:

**Special Condition:** *The defendant shall refrain from the use of any and all alcoholic beverages.*

On January 31, 2006, at 11:59 a.m., Mr. Hofschneider was subjected to a breathalyser test at the Tinian Superior Court which resulted in 0.057 Blood Alcohol Content. Mr. Hofschneider admitted to consuming eight cans of Bud Lite beer on January 30, 2006 at 1:00 a.m. He stated that he drank the beer because he needed to sleep at night. He was admonished for his noncompliance and he apologized to the court and pleaded for "a break". He stated that he was not harming anyone

Declaration in Support of Petition
Re:   HOSCHNEIDER, Eric J.M.
USDC Cr. Cs. No. 01-00024-001
March 9, 2006
Page 2

and was simply drinking at home. It is noteworthy to mention that Mr. Hofschneider, knowing that he had consumed alcohol into the early morning hours of January 31, 2006, drove his vehicle to the Tinian Superior Court to meet with this officer.

**Supervision Compliance:** On June 30, 2005, Mr. Hofschneider completed 295 out of a total of 450 hours community service. On November 2, 2005, at the direction of the U.S. Probation Office, he resumed performing the balance of his community service, which was modified on November 25, 2005 to include an additional 100 hours for a total of 255 hours. On January 3, 2006, the Department of Lands and Natural Resources on Tinian verified that Mr. Hofschneider completed a total of 255 hours without incident.

**Officer Recommendation:** This probation officer respectfully requests that the Court issue a Summons for Eric J.M. Hofschneider to appear at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why supervise release in this case should not be revoked, or for any reason or cause which the Court may deem just and proper pursuant to 18 U.S.C. § 3583.

Executed this 9th day of March 2006, at Saipan, MP, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
MARGARITA DLG WONENBERG
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:   Timothy E. Moran, Assistant United States Attorney
      Danilo Aguilar, Defense Attorney
      File

## VIOLATION WORKSHEET

1. Defendant  Eric J.M. Hofschneider

2. Docket Number (Year-Sequence-Defendant No.)  CR 01-00024-001

3. District/Office  Northern Mariana Islands

4. Original Sentence Date  03 / 12 / 02
                              month  day  year

(If different than above):

5. Original District/Office  N/A

6. Original Docket Number (Year-Sequence-Defendant No.)  N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to refrain from the use of alcohol | C |

8. Most Serious Grade of Violation (see §7B1.1(b))  **C**

9. Criminal History Category (see §7B1.4(a))  **II**

10. Range of Imprisonment (see §7B1.4(a))  **4-10 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[x] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant:    Eric J.M. Hofschneider

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   | Restitution ($) | NA | Community Confinement | NA |
   |---|---|---|---|
   | Fine ($) | -0- | Home Detention | NA |
   | CS | 155 balance | Intermittent Confinement | NA |

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____ to _____ years.

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from imprisonment:    22-28 months

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

   None.

15. **Official Detention Adjustment** (see §7B1.3(e)):    0 months    0 days

## Can a New Term of Supervised Release Be Imposed?*

- **Step One:**
  Determine the statutorily authorized maximum term of imprisonment available upon revocation**     24 months

- **Step Two:**
  Subtract the amount of imprisonment to be imposed (in addition to any term of imprisonment imposed on prior revocation) upon revocation     4-10 months

- **Step Three:**
  If the difference is greater than zero the court may impose a new term of supervised release

*Only applicable in cases where the original offense was committed on or after September 13, 1994
**18 U.S.C. 3583(e)(3)

## Determining the Term of Supervised Release Available Upon Revocation*

- **Step One:**
  Determine the maximum statutory term of supervised release available for the original offense**     36 months

- **Step Two:**
  Subtract the amount of imprisonment to be imposed (in addition to any term of imprisonment on prior revocation) upon revocation     4-10 months

- **Step Three:**
  The difference is the maximum term of supervised release that can be imposed upon revocation of supervised release     18 - 24 months

*Only applicable in cases where the original offense was committed on or after September 13, 1994
**18 U.S.C. 3583(b)

---

Eric J.M. Hofschneider
Original Offense: Class D Felony
Criminal Category: II
Revocation imprisonment credit: Four Months
2-10-06